IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:08cv974-WKW |
| | ) | |
| TOWN OF JACKSON'S GAP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gene Coggins, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* in this action (Doc. # 2) and a motion for leave to use the appendix system (Doc. # 3).  Upon consideration of the motions, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED, and the motion for leave to use the appendix system is DENIED.[1]  Upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). [2, 3]

---

[1]  The court has previously explained to plaintiff, in ruling on a similar motion to use the appendix system, that the Federal Rules of Appellate Procedure are not applicable to proceedings in District Court.  See *e.g.*, Coggins v. Kahn, Civil Action No. 3: 08cv587-MEF (Doc. # 4 at p. 1 n. 3).

[2]  This is one of thirty lawsuits filed by plaintiff in this district in the past two years.  Most of the cases have been dismissed prior to service of process; none have survived beyond the motion to dismiss stage.

[3]  The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff sues the Town of Jackson's Gap. His claims consist of conclusory allegations that Jackson's Gap has violated his civil rights under the 5th, 7th, 8th, and 11th Amendments to the United States Constitution by "false representation, intentional fraud, breaking oath of office, perjury, failure to protect private property, refusing to serve eviction notice on illegal tenants, trespassing on my private property, stealing, and destruction of a present or past fact[.]" (Complaint, pp. 1-2). He further alleges "illegal annexing private property into the town limits, without notification of the true property owners," and "illegal placing citizens in jail without any knowledge of the guaranteed right of the United States Constitution." (Id., p. 2). Plaintiff asserts that "[a]nother guaranteed constitutional right was destroyed by [n]ot being allowed to protect my own property, as given in the right to own and protect private property. . . . The exclusive right to possessing, enjoying, or disposing of belongs only to the true land owner and not to the invasion of one's private ownerships rights by any other person or family member." (Id., p. 3). Plaintiff seeks judgment in the amount of "$100,000.00 per day and per person while allowed to continue trespassing on my private property until removed," another $100,000.00 per day "without serving or enforcing the eviction notices," $100,000.00 for "damages done to my personal property, and $7,800.00 "for the personal items stolen in the past few weeks, through direct and association with Mike Coggins places the defendant equally guilty, recent items 20 H.P. Rally riding mower, a lighted yard sign, 7 joints of 18 [inch]  driveway pipe, 200 gal[lons] of diesel fuel, and many other small items[.]" (Id., p. 4). Plaintiff warns that if his petition to dissolve the Town of Jackson's Gap is not granted, "[t]here will never be an end to these

law suits until all of my complaints have been settled to my satisfaction."  (Id., p. 5).

Plaintiff's allegations echo those of other actions he has previously filed in this court. In Coggins v. Town of Jackson's Gap (Civil Action No. 3:08cv264-TMH), for instance, plaintiff complained that Jackson's Gap failed to protect him from theft and damage to his private property and, further, that the town unlawfully charged him with domestic violence and menacing, resulting in his false arrest and imprisonment.  Although plaintiff's present allegations are vague and conclusory, it is apparent from the complaint and from the pleadings plaintiff has filed in other cases that the present claims arise from plaintiff's dispute with his nephew, Mike Coggins, over property plaintiff claims to own.  See, e.g., Complaints in Civil Action Nos. 3:08cv264-TMH, 3:07cv402-MEF and Civil Action No. 3:07cv1010-MHT.

To the extent that plaintiff sues Jackson's Gap for failing to evict his nephew from the property plaintiff claims to own or to take other action against the nephew, for failing to protect the property, and for jailing the plaintiff, the claims are barred by the doctrine of res judicata.  Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)(citation omitted).  "A case is barred from re-litigation under the doctrine of res judicata if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" Konikov v. Orange County, Florida, 2008 WL 1914440, *1 (11th Cir. May 1, 2008)(unpublished

3

opinion)(quoting <u>Ragsdale</u>, *supra*).  "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" <u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354 (11th Cir. 1998)(quoting <u>Manning v. City of Auburn</u>, 953 F.2d 1355, 1358 (11th Cir. 1992)).

With limited exception, the claims plaintiff now asserts were resolved previously by a final judgment entered by a court of competent jurisdiction in a case brought by the plaintiff against the same defendant.  See <u>Coggins v. City of Jackson's Gap</u>, Civil Action No. 3:07cv402-MEF (<u>See</u> Doc. # 1, Complaint, and Doc. 45, Recommendation of the Magistrate Judge, pp. 15-20).  In the earlier lawsuit, plaintiff's claims were dismissed with prejudice by judgment entered on November 7, 2007 (Doc. # 48).  Although plaintiff sought to appeal the judgment, he failed to do so in a timely manner and, accordingly, his appeal was dismissed by the Court of Appeals for the Eleventh Circuit.  (Doc. # 54).  Plaintiff may not now effectively "appeal" the judgment dismissing his claims by filing a new action against the same defendant asserting the same claims.[4]

Plaintiff alleges a claim of  "[i]llegal annexing private property into the town limits, without notification of the true property owners."  (Complaint, p. 2).  He offers no additional facts regarding this annexation. Construing plaintiff's complaint liberally and assuming that his allegation is that Jackson's Gap annexed property plaintiff owns without notifying him,

---

[4] Plaintiff was previously advised of this bar to his claims, when another action he brought against Jackson's Gap was dismissed on *res judicata* grounds.  See <u>Coggins v. Town of Jackson's Gap</u>, Civil Action No.  3:08cv264-TMH.

the complaint fails to state a claim for relief. "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora – agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000). "This directive is not an exhaustion requirement. Instead, this directive is a recognition that procedural due process violations do not even exist unless no adequate state remedies are available." Id., at 1331 n. 2. Plaintiff does not allege that adequate state remedies to rectify Jackson Gap's assertedly illegal annexation of his property are not available. Accordingly, he fails to state a claim for violation of his right to procedural due process.

Additionally, plaintiff fails to allege a sufficient basis for municipal liability under 42 U.S.C. § 1983 as to his claim for the "personal items stolen in the past few weeks" by plaintiff's nephew, Mike Coggins. He alleges that the City is liable "through direct and association with Mike Coggins[.]" (Complaint, p. 4). This allegation is insufficient to support plaintiff's claim against the City for the theft. See Harvey v. City of Stuart, 2008 WL 4605926 (11th Cir. Oct. 17, 2008)(unpublished opinion)(affirming § 1915(e)(2)(B) dismissal of pro se plaintiff's § 1983 claim against the City because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and

conclusory allegations were insufficient to support the complaint").

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that: (1) plaintiff's claims arising from his incarceration and the City's failure to take action to protect plaintiff's property be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as they are frivolous, malicious, and barred by *res judicata*; and (2) that plaintiff's additional claims relating to the recent theft of property and the City's annexation of property be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[5]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 29, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[5] The court's finding of maliciousness arises from plaintiff's insistence on repeatedly asserting the same claims that have previously been dismissed on the basis of *res judicata* and on plaintiff's assertion that "there will never be an end to these law suits until all of [his] complaints have been settled to [his] satisfaction." (Complaint, p. 5).

error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144,

1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of December, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE